IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, ET AL., | ) | MOTION FOR RECONSIDERATION OF |
| | ) | DEFENDANT CHRISTOPHER |
| Defendants. | ) | BONGIORNO'S MOTION TO SEVER |

The United States of America, by and through undersigned counsel, respectfully moves the Court to reconsider its Order (R. 327) trifurcating the case before the same jury. Given the complexities of presenting a case where there is overlap between the evidence for the bifurcated counts, and Bongiorno's anticipated motion for a continuance or renewed request to sever (R. 335), the Government submits the best course is to sever Bongiorno, try the other defendants on Counts 1 and 2, and separately try Bongiorno on Count 1. This course most efficiently addresses Bongiorno's and the Court's concerns about prejudice to Bongiorno.

I.    **BACKGROUND**

Defendant Bongiorno and his co-defendants collectively filed several pretrial motions. Relevant here, Bongiorno filed a Motion for Relief from Prejudicial Joinder, in which he requested that the Court sever Count 1 and its related charges from Count 2 and its related charges. (R. 288: Motion for Relief from Prejudicial Joinder, PageID 2341-46). Because Bongiorno was only charged in Count 1, he asked the Court to the try him only as to that Count and its related substantive counts. (*See id.*, PageID 2345). The United States opposed Bongiorno's motion in an omnibus response. (*See* R. 303: Response in Opposition, PageID

2820-37). This Court then presided over nearly three and a half hours of oral argument on the Defendants' pretrial motions.

The Court announced its ruling in an omnibus decision. (*See* R. 327: Omnibus Op. and Order, PageID 3211-57). In its Order, the Court explained how it believed it would be difficult for a jury to separate Count 1 from Count 2 because the allegations involved similar conduct and conspiracies, even though they occurred during different time periods and involved different charges. (R. 327: Order, PageID 3252). The Court found the conspiracy charges added a layer of complexity. (*Id.*). To prevent unfair prejudice to Bongiorno, the Court ordered trial of the Count 1 conspiracy be bifurcated from the Count 2 conspiracy. (*See id.*).

Bongiorno subsequently filed a motion for leave to file a motion to continue or sever the trial under seal. (R. 335: Bongiorno's Motion for Leave to File Under Seal, PageID 3276-77). The Government anticipates that Bongiorno will request, based on medical issues affecting an immediate family member, the Court either continue the trial or sever Bongiorno. (*See id.*). While Bongiorno has not yet made his motion, the Government files this motion for reconsideration to ensure its request is timely and received by the Court and the defendants well in advance of the next pretrial on July 8, 2024.

II.     **ARGUMENT**

The United States asks this Court to reconsider its Order bifurcating Counts 1 and 2 before the same jury, notwithstanding the Court's decision not to entertain additional motions on the question of severance, bifurcation, and separate trials after the Rule 12 deadline. (R. 336: Order Granting Bongiorno Motion for Leave to File Under Seal, PageID 3278). Given Bongiorno's anticipated request, severing Bongiorno's trial from the other Defendants would cure the prejudice found by the Court. To the extent the Court decided to bifurcate the trial because Spivak belatedly claimed prejudice to an affirmative defense if the two conspiracies

2

were tried together, the United States requests reconsider its decision, and if necessary, allow the parties to fully brief the issue, and allow additional argument as appropriate.

Severing Bongiorno's trial from the co-defendants rather than trifurcating the entire case is the most efficient course to ensure a clean record and finality for all Defendants and the Government. The Government understands the Court had specific concerns about the potential prejudice to Bongiorno. Specifically, it is clear the Court aimed to avoid the potential prejudice of the jury hearing Count 2 evidence when evaluating the Count 1 charges against Bongiorno. Having found that Bongiorno would be prejudiced, severing him is the best way to address the Court's concerns about jury confusion, spillover evidence, and protect Bongiorno's right to a fair trial. It makes sense that Bongiorno, being the sole defendant charged in only one of the two conspiracies, is the only defendant who moved to keep Count 1 and 2 separate.

The other Defendants are not similarly situated; the events of the first conspiracy are relevant, probative, and admissible against Spivak, Smirnova, and Scott to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident for all of the charged counts. *See* Federal Rule of Evidence 404(b). That is particularly true where the Defendants made statements about their conduct in the first conspiracy while committing the second. And it goes the other way, too. Evidence from the second conspiracy is relevant to the first conspiracy to prove, among other things, knowledge and intent under Rule 404(b). The Government intends, consistent with the Rules of Evidence, to seek the admission of evidence from the second conspiracy, including statements made by the Defendants, to prove state of mind and for other permissible purposes in its presentation of case-in-chief of the first conspiracy.

Defendant Paul Spivak did not file a motion to bifurcate trial of Count 1 and its substantive Counts from Count 2 and its substantive counts. Notwithstanding that, at oral argument, Spivak insinuated he would join the other Defendants motions because his entrapment defense would be prejudiced by trying Counts 1 and 2 together. (*See* R. 319: Apr. 25, 2024 Mot. Hr'g Tr., PageID 3133-35). If the Court's decision to bifurcate the trial of Counts 1 and 2 was based on that argument, the Government requests reconsideration, and the opportunity to brief the issue and respond after considering the full impact of bifurcation as it applies to Spivak, Smirnova, and Scott.

At oral argument, the parties did not discuss the evidentiary issues in detail. The Government merely noted that the evidence proving Count 2 was relevant to the jury's consideration of Count 1. But in its Order, the Court cited the Government's counsel saying—as of the oral argument and based on early trial preparation—it expected the evidence to be presented chronologically. (*See* R. 319, PageID 3140 ("I haven't decided how … we would present [the] case, but typically based on the way we've charged this case, we would be presenting evidence on Count 1 first and then we would switch to Count 2[.]")). The Court inferred this meant two things: not only that the Government's evidence would be presented in chronological order, such as having each witness start at the beginning and proceed through to the end of the time period, but also that the evidence as a whole existed in discrete chronological silos with no crossover. The former is generally correct, but the latter is not. Much of what took place during the second conspiracy is relevant and probative of both conspiracies, particularly for proving the state of mind of the Defendants Spivak, Smirnova, and Scott.

4

The most efficient way to minimize prejudice is to sever Bongiorno and schedule a separate trial for him alone as he requested. If the Court were to sever Bongiorno, the Government could proceed to trial against the other Defendants first and then Bongiorno later.

### III. CONCLUSION

The United States moves the Court to reconsider its Order (R. 327) granting Defendant Christopher Bongiorno's motion for relief of prejudicial joinder (R. 288) by bifurcating the trial of Count 1 and Count 2 for all defendants before the same jury. The Government submits the best course is to grant Bongiorno's request to sever, schedule trial of Spivak, Smirnova, and Scott. This course most efficiently addresses Bongiorno's and the Court's concerns about prejudice.

          Respectfully submitted,

          REBECCA C. LUTZKO
          United States Attorney

By:   /s/ Alejandro A. Abreu
       Alejandro A. Abreu (OH: 0089477)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3620
       (216) 522-2403 (facsimile)
       Alejandro.A.Abreu@usdoj.gov